WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Owen C. Pell

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (*pro hac vice* pending)
Matthew A. Goldberger

*Attorneys for Aleksey Vladimirovich Bazarnov
as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-10516 (MKV) |
| SERGEY PETROVICH POYMANOV ) | |
| ) | Chapter 15 |
| Debtor in a Foreign Proceeding.[1] ) | |
| ) | |

**APPLICATION PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE
2002(m), 2002(q) AND 9007 FOR ENTRY OF AN ORDER SCHEDULING HEARING
AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE OF HEARING**

Aleksey Vladimirovich Bazarnov (the "**Petitioner**"), the duly-authorized receiver and foreign representative of Sergey Petrovich Poymanov ("**Poymanov**" or, the "**Debtor**") with respect to Poymanov's pending Russian insolvency proceeding (the "**Russian Insolvency Proceeding**") before the Commercial (Arbitrazh) Court of the Moscow Region (the "**Russian Bankruptcy Court**"), pursuant to Russian Federal Law N⁰ 127-FZ "On Insolvency (Bankruptcy)" (the "**Russian Bankruptcy Law**") by and through his undersigned U.S. counsel, White & Case LLP, respectfully submits this *Application Pursuant to Federal Rules of Bankruptcy Procedure 2002(m), 2002(q) and 9007 for Entry of an Order Scheduling the Hearing*

---

[1] The last four identifying digits of the Debtor's tax number in Russia are 6753.

*on and Specifying the Form and Manner of Service of Notice* (the "**Application**") for the (a) *Verified Petition for Recognition of Poymanov's Russian Insolvency Proceeding and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 1515, 1517 and 1520* (the "**Verified Petition**")[2] and (b) the *Form of Petition* (the "**Form of Petition**" and, together with the Verified Petition, the "**Petition**"), each filed concurrently herewith. In support of this Application, the Petitioner respectfully represents as follows:

## BACKGROUND

1. Background information related to Poymanov's Russian Insolvency Proceeding is set forth in the Verified Petition and the *Declaration of Pavel Boulatov Pursuant to 28 U.S.C. § 1746 in Support of Petition for Recognition of the Russian Insolvency Proceeding and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 1515, 1517 and 1520* (the "**Russian Counsel Declaration**").

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a), 1334 and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.) (the "**Amended Standing Order**"). Venue is proper before this Court pursuant to 28 U.S.C. § 1410(1).

## RELIEF REQUESTED

3. The Petitioner seeks entry of an order substantially in the form attached hereto as Exhibit A (the "**Proposed Order**") (i) scheduling the hearing (the "**Recognition Hearing**") on the relief sought in the Petition for April 12, 2017 at 10:00 a.m. (New York Time) (the

---

[2] Except as otherwise indicated, capitalized terms used but not defined herein shall have the meaning ascribed to them in the Verified Petition.

2

"**Recognition Hearing Date**"); (ii) setting March 31, 2017 at 5:00 p.m. (New York Time) as the deadline by which any responses or objections to the Petition must be received (the "**Objection Deadline**"); (iii) approving the form of notice of the Recognition Hearing Date (the "**Recognition Hearing Notice**") that is attached hereto as Exhibit 1 to the Proposed Order; (iv) approving the manner of service of the Recognition Hearing Notice described herein; and (v) granting related relief.

## BASIS FOR RELIEF

4.  Rule 2002(q)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") provides that the parties identified therein (together with certain other parties identified in Exhibit B attached hereto, the "**Chapter 15 Notice Parties**") "and such other entities as the Court may direct" must be given at least 21 days' notice of the hearing on the Petition. Fed. R. Bankr. P. 2002(q)(1). Bankruptcy Rules 2002(m) and 9007 provide that when notice is to be given under the Bankruptcy Rules, the court shall designate the form and manner in which such notice shall be given (provided the Bankruptcy Rules do not otherwise specify the appropriate form and manner of such notice). Fed. R. Bankr. P. 2002(m), 9007.

5.  Although Bankruptcy Rule 2002(q) provides that the parties identified therein must receive at least 21 days' notice by mail of the hearing on the Petition, it does not specify the form and manner in which such notice must be given. Therefore, pursuant to Bankruptcy Rules 2002(m) and 9007, this Court may specify such form and manner of notice. The Petitioner respectfully submits that service of (i) the Recognition Hearing Notice and (ii) the Petition (collectively, the "**Notice Documents**") by U.S. mail, first-class postage prepaid, upon the Chapter 15 Notice Parties, in accordance with Bankruptcy Rules 2002(k) and (q) and Local Bankruptcy Rules 2002-1, 9006-1(b) and 9013-1(b) on or before March 10, 2017 constitutes

3

adequate and sufficient notice of the Chapter 15 Case, the relief sought in the Petition, the time fixed for filing objections to the relief sought in the Petition, and the time, date and place of the Recognition Hearing.[3]

6.  Accordingly, the Petitioner respectfully requests that this Court approve the foregoing manner of notice and service of the Notice Documents pursuant to Bankruptcy Rules 2002(l), (m), (q) and 9007.

7.  Bankruptcy Rule 1011(b) provides, among other things, that a party objecting to a petition filed to commence an ancillary proceeding under chapter 15 of the Bankruptcy Code has 21 days from the date of service of the petition to respond. Fed. R. Bankr. P. 1011(b). In light of this requirement, the Petitioner respectfully submits that setting (i) April 12, 2017 at 10:00 a.m. (New York Time) as the Recognition Hearing Date and (ii) March 31, 2017 at 5:00 p.m. (New York Time) as the Objection Deadline is appropriate.

8.  Section 1514(c) of the Bankruptcy Code provides that when notice of the commencement of a case under the Bankruptcy Code is given to foreign creditors, such notification shall indicate the time period and place for filing proofs of claim as well as whether such filing is necessary for secured creditors. 11 U.S.C. § 1514(c). It is generally accepted, however, that section 1514 does not apply in a chapter 15 ancillary case. As explained in Collier on Bankruptcy, section 1514 is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15 that began with section 1511." 8 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1514.01 (16th ed. rev. 2016) (emphasis added). As such, courts routinely find inapplicable and/or waive the requirements of section 1514 in chapter 15 cases. See, e.g., In re Kaupthing Bank hf, Case No. 08-14789 (MG) (Bankr.

---

[3] The Petitioner caused the Petition, together with the accompanying declarations, to be served on the Chapter 15 Notice Parties. The Petitioner will similarly serve the Recognition Hearing Notice on the Chapter 15 Notice Parties once such notice is approved by the Court.

S.D.N.Y. Dec. 8, 2008). As the Petitioner has not sought to commence a case under any other chapter of the Bankruptcy Code, section 1514(c) is inapplicable, and as such the Petitioner respectfully requests that the requirements contained therein be declared inapplicable or waived in this instance.

## NOTICE

9.     Notice of this Application has been provided to the Chapter 15 Notice Parties enumerated in Exhibit B attached hereto, which includes all persons required to receive notice under Federal Rule of Bankruptcy Procedure 2002(q).

## NO PRIOR REQUEST

10.     No previous request for the relief requested herein has been made to this or any other court.

11.     WHEREFORE, the Petitioner respectfully requests that this Court enter an order (i) granting the relief requested herein and (ii) granting the Debtor such other and further relief as the Court deems proper and just.

Dated: March 6, 2017
New York, New York

                        Respectfully submitted,

By:    */s/ Owen C. Pell*
       Owen C. Pell

       WHITE & CASE LLP
       1155 Avenue of the Americas
       New York, NY 10036
       (212) 819-8200

       —and—

       Southeast Financial Center, Suite 4900
       200 South Biscayne Blvd.
       Miami, FL 33131
       (305) 371-2700
       Richard S. Kebrdle (*pro hac vice* pending)
       Matthew A. Goldberger

       *Attorneys for Aleksey Vladimirovich*
       *Bazarnov, as Petitioner and Foreign*
       *Representative*

# Exhibit A

# Proposed Order

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Owen C. Pell

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (*pro hac vice* pending)
Matthew A. Goldberger

*Attorneys for Aleksey Vladimirovich Bazarnov
as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) ) SERGEY PETROVICH POYMANOV" ) ) Debtor in a Foreign Proceeding.[1] ) ) | Case No. 17-10516 (MKV) Chapter 15 |

**ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE
2002 (m), 2002(q) AND 9007 SCHEDULING HEARING AND SPECIFYING
FORM AND MANNER OF SERVICE OF NOTICE**

Upon the filing of the Application,[2] the Petitioner, in his capacity as Foreign Representative (as such term is defined in section 101(24) of the Bankruptcy Code) in respect of Poymanov's Russian Insolvency Proceeding, requests entry of an order (i) scheduling a hearing on the relief sought in the Petition, which was filed on March 3, 2017, and (ii) specifying the form and manner of service of notice thereof; it is hereby

---

[1] The last four identifying digits of the tax number of the Debtor in Russia are 6753.
[2] Capitalized terms not otherwise defined herein shall carry the meaning ascribed to such term in the *Application Pursuant to Federal Rules of Bankruptcy Procedure 2002(m), 2002(q) and 9007 for Entry of an Order Scheduling Hearing and Specifying Form and Manner of Service of Notice* (the "**Application**").

1

ORDERED, that the Recognition Hearing shall be held before this Court at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, on April 12, 2017 at 10:00 a.m. (New York time); and it is further

ORDERED, that the form of Recognition Hearing Notice annexed hereto as <u>Exhibit 1</u> is hereby approved; and it is further

ORDERED, that the notice requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable in the context of this chapter 15 case are hereby declared inapplicable or waived; and it is further

ORDERED, that copies of Notice Documents shall be served by U.S. mail, first-class postage prepaid, upon the Chapter 15 Notice Parties on or before March 10, 2017; and it is further

ORDERED, that responses or objections, if any, to the Petition shall be made in writing and shall set forth the basis therefor, and such responses or objections must be (i) filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on the Court's website at www.nysb.uscourts.gov) (and otherwise, on a USB flash drive, preferably in Portable Document Format (PDF) or Microsoft Word, which USB flash drive shall be sent to the Office of the Clerk of the Court, One Bowling Green, New York, New York 10004-1408), and a hard copy of such response or objection to be sent to the Chambers of Mary Kay Vyskocil, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004 and (ii) served upon White & Case LLP, Southeast Financial Center 200 South Biscayne Blvd., Suite

2

4900 Miami, Florida 33131 (Attn:  Richard S. Kebrdle, Esq.) counsel to the Petitioner, so as to be received on or before March 31, 2017 at 5:00 p.m., New York time; and it is further

ORDERED, that service pursuant to this Order shall be good and sufficient service and adequate notice of the Recognition Hearing.

Dated: _____
New York, New York

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

3

**Exhibit 1 to Proposed Order**

**Recognition Hearing Notice**

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
Owen C. Pell

Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (*pro hac vice* pending)
Matthew A. Goldberger

*Attorneys for Aleksey Vladimirovich Bazarnov*
*as Petitioner and Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SERGEY PETROVICH POYMANOV<br><br>Debtor in a Foreign Proceeding.[1] | )<br>)<br>) Case No. 17-10516 (MKV)<br>)<br>)<br>)<br>)<br>Chapter 15 |

**NOTICE OF FILING AND HEARING ON PETITION UNDER CHAPTER 15**
**OF THE UNITED STATES BANKRUPTCY CODE AND**
**MOTION FOR RELATED RELIEF**

**PLEASE TAKE NOTICE** that on March 3, 2017, Aleksey Vladimirovich Bazarnov (the "**Petitioner**"), in his capacity as the Foreign Representative (as such term is defined in section 101(24) of the Bankruptcy Code) of Sergey Petrovich Poymanov ("**Poymanov**") with respect to Debtor's insolvency proceeding (the "**Russian Insolvency Proceeding**") currently pending before the Commercial (Arbitrazh) Court of the Moscow Region (the "**Russian Bankruptcy Court**") pursuant to Federal Law № 127-FZ "On Insolvency (Bankruptcy)" (the "**Russian Bankruptcy Law**"), filed the Petition[2] pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

---

[1] The last four identifying digits of the tax number of the Debtor in Russia are 6753.
[2] Capitalized terms not otherwise defined herein shall carry the meaning ascribed to such term in the *Application Pursuant to Federal Rules of Bankruptcy Procedure 2002(m), 2002(q) and 9007 for Entry of an Order Scheduling Hearing and Specifying Form and Manner of Service of Notice* (the "**Application**").

**PLEASE TAKE FURTHER NOTICE** that, among other things, the Petitioner seeks the entry of an order (i) recognizing Poymanov's Russian Insolvency Proceeding as the foreign main proceeding of the Debtor pursuant to sections 1515, 1517 and 1520 of the Bankruptcy Code and (ii) recognizing the Petitioner as the Foreign Representative of the Debtor, as that term is defined in section 101(24) of the Bankruptcy Code, with respect to Poymanov's Russian Insolvency Proceeding and (iii) granting such other and further relief the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has scheduled a hearing (the "**Recognition Hearing**") to consider the relief requested in the Petition for **April 12, 2017, 10:00 a.m. (New York time)** at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004.

Copies of the Petition and all accompanying documentation are available to parties in interest on the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at http://www.nysb.uscourts.gov (a PACER login and password are required to retrieve a document) or upon written request to the Petitioner's counsel (including by facsimile or e-mail) addressed to:

> White & Case LLP                           or             rkebrdle@whitecase.com
> Southeast Financial Center
> 200 South Biscayne Blvd., Suite 4900
> Miami, Florida 33131
> Telephone:  (305) 371-2700
> Facsimile:   (305) 358-5744
>
> Attn:   Richard S. Kebrdle, Esq.

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a response or objection to the Petition or the relief requested therein must do so in writing and in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, setting forth the basis therefor, which response or objection must be filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on the Court's website at www.nysb.uscourts.gov) (and otherwise, on a USB drive, preferably in Portable Document Format (PDF) or Microsoft Word, which USB drive shall be sent to the Office of the Clerk of the Court, One Bowling Green, New York, New York 10004-1408).  A hard copy of any response or objection shall be sent to the Chambers of the Honorable Mary Kay Vyskocil, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408 and served upon White & Case LLP (Attn:  Richard S. Kebrdle, Esq.), counsel to the Petitioner, so as to be **received no later than March 31, 2017 at 5:00 p.m. (New York time)**.

**PLEASE TAKE FURTHER NOTICE** that all parties in interest opposed to the Petition or the request for relief contained therein must appear at the Recognition Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that, at the Recognition Hearing, the Court may order the scheduling of a case management conference to consider the efficient administration of the case.

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served as provided above, the Court may grant the relief requested in the Petition without further notice.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court, or a notice of adjournment filed with the Court, of the adjourned date or dates at the hearing or any other further adjourned hearing.

Dated: March 6, 2017
New York, New York

By:    /s/ Owen C. Pell
       Owen C. Pell

       WHITE & CASE LLP
       1155 Avenue of the Americas
       New York, NY 10036
       (212) 819-8200

       —and—

       Southeast Financial Center, Suite 4900
       200 South Biscayne Blvd.
       Miami, FL  33131
       (305) 371-2700
       Richard S. Kebrdle (*pro hac vice* pending)
       Matthew A. Goldberger

       *Attorneys for Aleksey Vladimirovich
       Bazarnov, as Petitioner and Foreign
       Representative*

3

**Exhibit B**

**Chapter 15 Notice Parties**

## Chapter 15 Notice Parties

i. Sergey Petrovich Poymanov, 13 Rozhdestvenskiy Boulevard, 107045, Moscow, Russian Federation, as the Debtor in this Chapter 15 case;

ii. Kirill Nogotkov, 5/12 Khvalynskiy Bvd. Ap. 28, 109153, Moscow, Russian Federation, as the duly appointed receiver in the pending Russian bankruptcy case for CJSC Pavlovskgranit – Invest;

iii. Pavel Boulatov, 4 Romanov Pereulok, 125009, Moscow, Russian Federation, as the Russian legal declarant and foreign counsel to Debtor;

iv. The Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014;

v. PPF Management, LLC, 160 Greentree Dr. Ste 101, Dover, DE, 19904, as the plaintiff in the litigation pending in the United States District Court for the Southern District of New York;

vi. Caroline Heller, Greenberg Traurig LLP, 200 Park Avenue, New York, NY 10166, as U.S. counsel to PPF Management, LLC in the litigation pending in the United States District Court for the Southern District of New York

vii. OJSC Sberbank of Russia, Vavilova 19 Street, 119997, Moscow, Russian Federation, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

viii. Sberbank Capital, Vavilova 19 Street, 119997, Moscow, Russian Federation, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

ix. Sberbank CIB USA, Inc., Carnegie Hall Tower, 152 West 57th Street 44th Floor, New York, NY 10019, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

x. Neo Centre, 41 Novoslobodskaya St., 127055, Moscow, Russian Federation, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

xi. Promsvyazbank PAO, Str. Smirnoff, d. 10, 109052, Moscow, Russian Federation, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

xii. JSC National Aggregates Company, AO Natsionalnaya Nerudnaya Kompaniya, I8A Magistralnaya Street, 123290, Moscow, Russian Federation, as a defendant in the litigation pending in the United States District Court for the Southern District of New

2

- York;

xiii. Klever Asset Management, 31 Novinsky Boulevard, 7th floor, 123242, Moscow, Russian Federation, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

xiv. Klever Internet Investment, 31 Novinsky Boulevard, 7th floor, 123242, Moscow, Russian Federation, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

xv. Aletarro Ltd., 17 Gr. Xenopoulou Street, Limassol 3106, Cyprus, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

xvi. Nisoram Holding Ltd., Inc., 17 Gr. Xenopulou Street, Limassol 3106, Cyprus, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

xvii. Urasay Ltd., 9 Waterfront Drive, P.O. Box 3540, Road Town, Torola, VG 1110 British Virgin Islands, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

xviii. Mostra Consulting Ltd., 197 Main Street, P.O. Box 3540, Road Town, Tortola, VG 1110 British Virgin Islands, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

xix. Suintex Ltd., Craigmuir Chambers, Road Town, Tortola, VG 1110, British Virgin Islands, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

xx. German Gref, 19 Vavilova Street, 119997, Moscow, Russian Federation, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

xxi. Oleg Gref, 41 Novoslobodskaya St., 127055, Moscow, Russian Federation, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

xxii. Ashot Khachyatureants, Vavilova 19 Street, 119997, Moscow, Russian Federation, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

xxiii. Yuriy Zhukov, Baumanskaya St., D58A, Ap. 76, 105005, Moscow, Russian Federation, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

xxiv. Gregory Shirin, 12 Krasnopresnenskaya Naberezhnaya, 26th floor, 123610, Moscow, Russian Federation, as a defendant in the litigation pending in the United States District Court for the Southern District of New York;

xxv. Zoya Galeeva, 9 Demyana Bednogo Street, Ap. 49, 123423, Moscow, Russian Federation, as a defendant in the litigation pending in the United States District Court for the Southern District of New York; and

xxvi. Sergey Kublitskiy, 22 Skolkovskoe drive, Coop, 1, ap.57, 121353, Moscow, Russian Federation, as a defendant in the litigation pending in the United States District Court for the Southern District of New York

4