UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PPF MANAGEMENT LLC,

                              Plaintiff,

                v.                              Case No. 1:16-cv-09139 (PGG)

OJSC SBERBANK OF RUSSIA, *et al.*,

                              Defendants.

**STATEMENT OF ALEKSEY BAZARNOV CONCERNING GREENBERG TRAURIG LLP'S REQUEST TO WITHDRAW AS COUNSEL TO PPF MANAGEMENT, LLC**

       Defendant, Aleksey Vladimirovich Bazarnov (the "Receiver"), the duly-authorized receiver and foreign representative of Sergey Petrovich Poymanov with respect to (a) Poymanov's pending Russian insolvency proceeding and (b) the chapter 15 case pending in the United States Bankruptcy Court for the Southern District of New York (Case No. 17-10516 (MKV)), hereby submits this statement in accordance with this Court's February 15, 2018 order scheduling a conference on February 27, 2018 concerning Greenberg Traurig LLP's ("Greenberg") request to withdraw as counsel to Plaintiff, PPF Management LLC ("PPF") and directing any written submissions regarding the request be filed by February 23, 2018.

       1.     The Receiver has not been provided with any information about the basis for Greenberg's request and therefore is not prepared to take a position as to the propriety of the request, its effect on the case and the parties, or whether this Court should permit Greenberg to withdraw.

       2.     The Receiver's interest in the request is to seek assurance that any withdrawal or any order permitting withdrawal in response to the request is conditioned upon Greenberg's strict and accountable preservation of records that may be relevant to the Receiver's investigation to

discover and recover assets of Poymanov that should be administered in his Russian insolvency proceeding. Greenberg is likely to have information relevant to the source of funds used to pay its fees and expenses in this case, the chapter 15 case, appeals in the chapter 15 case and government lobbying services Greenberg performed on behalf of Poymanov.[1] The Receiver has reason to believe that Poymanov has been funding Greenberg's fees for services performed on his behalf as well as for services performed on behalf of PPF.

3. The Receiver is charged with investigating the location of Poymanov's assets for the benefit of all creditors. In connection therewith, the Receiver is examining the source of PPF's funding and, in particular, how it acquired monies sufficient to retain Greenberg in this case, the chapter 15 case and appeals, as well as Poymanov's own direct engagement of Greenberg for lobbying. The Receiver has reason to believe that (a) PPF is owned or managed by Poymanov, and (b) Poymanov is paying either directly or indirectly Greenberg's fees with assets that should be returned to his bankruptcy estate, should be administered by the Receiver in the Russian insolvency case and cannot, under Russian law, validly be transferred without the Receiver's consent which has not been given in this case.

4. PPF is a shell entity with no commercial business purpose and no regular income. PPF was formed November 21, 2016, a day before it purportedly received, through assignment from Poymanov and his ex-wife, the claims asserted in this action.

5. Given Poymanov's known pattern of concealment and his hostility toward the Receiver and his creditors, it is likely that information in Greenberg's possession and control is relevant to the Receiver's investigation. Thus, the Receiver requests that separate and apart from this Court's response to Greenberg's request on its merits, the Court direct Greenberg to preserve

---

[1] *See* Center for Responsive Politics at, https://www.opensecrets.org/lobby/clientsum.php?id=F138386&year=2017. All data set forth therein comes from the U.S. Senate Office of Public Records.

all documentary evidence concerning the source of payments received, whether directly or indirectly, from PPF and/or Poymanov and to cooperate with the Receiver in his investigation of Poymanov's assets located in the United States.

WHEREFORE, for the reasons set forth herein, the Receiver respectfully requests any order authorizing the withdrawal of Greenberg as plaintiff's counsel include an order directing Greenberg to preserve all documentary evidence related to its engagement by and representation of PPF and Poymanov and to cooperate with the Receiver in his investigation of Poymanov's assets in the United States.

Dated: New York, New York
      February 23, 2018                          BLANK ROME LLP

                                               By:     /s/ Rick Antonoff
                                                              Rick Antonoff
                                                              Evan J. Zucker
                                                              405 Lexington Avenue
                                                              New York, NY 10174
                                                              Telephone: (212) 885-5000
                                                              Email: EZucker@blankrome.com

                                                    *Counsel for Aleksey Vladimirovich Bazarnov, as a Defendant and as Receiver and Foreign Representative*